IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL MUNIZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 13-4343 |
| : | |
| : | |
| GANZLER, et al., : | |
|     Defendants : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                                  September 29, 2014

       Plaintiff's *Bivens* claim alleges that Defendants wantonly and unnecessarily inflicted pain on Plaintiff in violation of the Eighth or Fifth Amendment at the Federal Detention Center ("FDC") in Philadelphia.[1] Presently before the Court are Defendants Rowell, Ganzel, and Plisak's Motion to Dismiss, or in the Alternative, for Summary Judgment[2] and Defendants Gibbs, Nash and Marano's Motion to Dismiss.[3] Plaintiff has not responded to these motions.

       **I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

       Plaintiff Angel Muniz, a prisoner proceeding *pro se*, alleges that he was beaten without provocation by various Defendants at the FDC on July 24, 2011, November 30, 2011, and August 6, 2012.[4] Plaintiff alleges that on July 24, 2011, Defendant Harris beat him without provocation and threatened him because Harris believed that Plaintiff had spat on another

---

[1] It is unclear whether the Eighth Amendment applies to Plaintiff as a prisoner, or the Fifth Amendment applies to Plaintiff as a pretrial detainee. Although Plaintiff was serving a sentence pursuant to a state conviction at the time of the alleged wrongdoing, he was awaiting trial on federal charges while incarcerated at the FDC. Def.'s Mot to Dis. at 14. However, because Plaintiff's allegations, if true, constitute a violation of Plaintiff's rights under either amendment, the Court makes no ruling on this issue.

[2] Doc. No. 18.

[3] Doc. No. 19.

[4] In Section IV of the Complaint, Plaintiff alleges that the third incident occurred on August 8. However, given that Plaintiff alleges that the incident occurred on August 6, 2012, in Section V of the Complaint and in his contemporaneous informal resolution attempt (Pl.'s Compl. Exh. B-10), the August 8 date appears to be an error.

officer.[5] On November 30, 2011, Plaintiff alleges that while he was restrained in a psychiatric observation cell, Defendants Harris, Siciliano and DiSalvatore beat him without provocation.[6] Plaintiff also seeks damages from Defendant Marano for the November 30, 2011 incident.[7] On August 6, 2012, while being transported to the recreation yard in handcuffs and leg restraints, Plaintiff alleges that he was assaulted by Defendants Rowell, Ganzel and Plisak without provocation.[8] Plaintiff alleges that he made Defendants Gibbs and Nash, a special investigator and a captain at the FDC,[9] respectively, aware that he was in danger, but they failed to act.[10]

## II.   STANDARD OF REVIEW

In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] Additionally, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] A plaintiff who survives a motion to dismiss for failure to state a claim on which relief may be granted states facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[13]

A pro se complaint is to be liberally construed; "however inartfully pleaded," a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."[14] In particular, the Court "may apply the relevant legal principle even when the complaint has failed to name it."[15]

---

[5] Compl. at § IV ¶ 6.
[6] *Id.* at ¶ 1-4.
[7] *Id.* at § V ¶ 14-15.
[8] *Id.* at § IV ¶ 11.
[9] *Id.* at § III ¶ 4-5.
[10] Compl. at § IV ¶ 10, 16.
[11] Fed. R. Civ. P. 8(a)(2).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[14] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted).
[15] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

Although Plaintiff has not responded to Defendants' motions, the Court nevertheless considers the substance of Plaintiff's claims.[16]

### III. MOTION OF DEFENDANTS ROWELL, GANZEL AND PLIZAK TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Rowell, Ganzel and Plisak's motion was accompanied by a video recording[17] ("the video") that Defendants allege shows the disputed events of August 6, 2012, but which Defendants acknowledge is in a format that cannot be viewed by the Court.[18] Defendants make three arguments based upon the video: first, that the video demonstrates that Plaintiff's allegations are false and therefore Plaintiff has failed to state a claim upon which relief may be granted; second, that in light of the video, Plaintiff's complaint should be dismissed on qualified immunity grounds; and third, even if the Court cannot consider the video on a motion to dismiss, the Court should convert Defendants' motion into one for summary judgment under Fed. R. Civ. P. 12(d) in order to consider the video.

A. *Consideration of Evidence Submitted by the Defense in Support of a Motion to Dismiss*

Defendant argues that the Court may consider the video without converting Defendants' motion into a motion for summary judgment because the video is incorporated into Plaintiff's complaint through administrative grievances that Plaintiff filed as exhibits. It is well-established that under Rule 12(d) "the court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense."[19] Defendant's argument relies upon a very narrow exception to this prohibition: "a court may consider an undisputedly

---

[16] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).
[17] Doc. No. 21.
[18] Pl.'s Mot. to Dis. at 12 n. 6.
[19] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."[20]

For numerous reasons, the Court cannot consider the video without converting Defendants' motion into a motion for summary judgment. The video is not self-authenticating; therefore, there is a factual issue as to whether the video is what it purports to be. Even if the Court could accept the video as authentic, Plaintiff's claims are not based upon the video, but upon his own recollection of events. Plaintiff mentions the video in administrative grievances to the Bureau of Prisons that Plaintiff was required to file in order to demonstrate exhaustion of his administrative remedies under the Prison Litigation Reform Act ("PLRA"),[21] but there is no indication that Plaintiff has seen the video.

Defendants also argue that the Court should consider the video without converting Defendants' motion into one for summary judgment due to the importance of resolving lawsuits quickly under the doctrine of qualified immunity. While the Court is mindful of the importance of protecting government officials from potentially meritless claims, qualified immunity is not a license to bypass the Rules of Civil Procedure. The Court therefore will not contravene Rule 12(d) by considering the video in a motion to dismiss.

B. *Conversion into a Motion for Summary Judgment*

In the alternative, Defendants request that the Court consider the video by converting their motion to dismiss into a motion for summary judgment pursuant to Rule 12(d). "Whether or not to treat the motion [to dismiss] as a motion for summary judgment by considering the outside materials attached thereto is a matter of discretion for the court."[22] In exercising the Court's

---

[20] *Id.*
[21] *See* 42 U.S.C.A. § 1997e(a).
[22] *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 335 (E.D. Pa. 1994). *See also* Wright & Miller Civil Practice 3d § 1366.

discretion, conversion to a motion for summary judgment is "not warranted where there has been little or no discovery conducted by the parties" because "the parties may not be able to present enough material to support or oppose a motion for summary judgment since no factual record has yet been developed."[23] Although some courts outside this District have converted motions to dismiss into motions for summary judgment in similar circumstances,[24] the Court is not persuaded that such a course is appropriate here, where it does not appear that Plaintiff has had the opportunity to view the video. The Court therefore declines to convert Defendant's Motion to Dismiss into a motion for summary judgment in order to afford Plaintiff the opportunity to pursue appropriate discovery.

C. *Grounds for Dismissal Without Considering the Video*

Government officials violate the Eighth Amendment when they engage in the "unnecessary and wanton infliction of pain."[25] Plaintiff's complaint must therefore present sufficient factual matter to state a claim plausible on its face that Defendants inflicted pain on Plaintiff wantonly and unnecessarily.[26] Plaintiff's allegation that Rowell, Ganzel and Plizak beat him without provocation clearly satisfies this standard.

Defendants' claim of qualified immunity makes no difference because Plaintiff's Eighth Amendment right as a prisoner – or Fifth Amendment right as a pretrial detainee – not to be

---

[23] *Brennan*, 850 F. Supp. at 335.
[24] *See, e.g.*, *Clayton v. Clement*, 2007 WL 4260002 (D.N.J. Nov. 30, 2007) (converting motion to dismiss into motion for summary judgment in an Eighth Amendment excessive force claim in which a video recording submitted by the defendant did not support the plaintiff's version of events).
[25] *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation omitted).
[26] Defendant's characterization of Plaintiff's claim as one for excessive force assumes that force was applied to Plaintiff as a security measure. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (defining excessive force standard for officially sanctioned security measures taken in response to a disturbance). However, Plaintiff alleges an unauthorized beating without any justification whatsoever. Thus, the excessive force standard does not apply in the context of Defendants' motion to dismiss.

subjected to wanton and unnecessary pain is well-established.[27] "A plaintiff who seeks damages for violation of constitutional or statutory rights," such as Plaintiff's *Bivens* claim, "may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue."[28] In order to be well-established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[29] Defendants do not argue that Plaintiff's allegations, if true, would not constitute a violation of the Eighth or Fifth Amendment. Thus, the Court cannot dismiss Plaintiff's claim.

### IV.  MOTION OF DEFENDANTS GIBBS, NASH AND MARANO TO DISMISS

Defendants Gibbs, Nash, and Marano argue that Plaintiff has failed to allege that they are individually responsible for the use of excessive force against Plaintiff. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[30] Nevertheless, Plaintiff's allegations that he informed Gibbs and Nash that the other Defendants had beaten and threatened him, but Gibbs and Nash failed to act, requires the Court to consider whether Plaintiff has stated a claim for failure to protect Plaintiff against the other Defendants' wanton infliction of pain.

Plaintiff fails to state a claim for failure to protect against Defendants Gibbs and Nash because Plaintiff does not allege that Gibbs and Nash were present when Plaintiff was allegedly beaten. In *Smith v. Mensinger*, the Third Circuit held that a corrections officer, like a police

---

[27] The Fifth Amendment standard is, if anything, more favorable to Plaintiff because the Fifth Amendment confers protection against conditions of confinement amounting to punishment, whereas the Eighth Amendment regulates which punishments are permissible. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979).
[28] *Davis v. Scherer*, 468 U.S. 183, 197 (1984).
[29] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

officer, has a duty to "intervene when a constitutional violation such as an unprovoked beating takes place in his presence," and the officer had "a realistic and reasonable opportunity to intervene."[31] Applying the *Mensinger* standard, the Third Circuit held in *Knox v. Doe* that a plaintiff who alleges that he warned prison officials of an impending attack by another inmate fails to state a claim for failure to intervene when the alleged facts do not permit a plausible inference that the relevant prison officials were present during the attack, or if they were present, had a realistic and reasonable opportunity to intervene.[32] In this case, Plaintiff's complaint alleges no facts to permit a plausible inference that Gibbs and Nash were present during any of the alleged beatings, or if they were, had a realistic and reasonable opportunity to intervene. Plaintiff has therefore failed to state a claim for failure to protect against Defendants Gibbs and Nash under the *Mensinger* standard.

Unlike Defendants Gibbs and Nash, Defendant Marano is not alleged to have had any special responsibility to protect Plaintiff. The complaint does not specify what role, if any, Marano had in the November 30, 2011, incident; Plaintiff merely demands compensatory and punitive damages from Marano on account of the incident. Even in light of the liberal pleading standard for *pro se* plaintiffs, Plaintiff's bare accusation of liability fails to state a claim against Defendant Marano.

An appropriate order follows.

---

[31] *Smith v. Mensinger*, 293 F.3d 641, 650-52 (3d Cir. 2002) (internal quotation omitted).
[32] *See Knox v. Doe*, 487 Fed.Appx. 725, 727-28 (3d Cir. 2012).