# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL MUNIZ, <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : <br> : | CIVIL ACTION NO. 13-4343 |
| HARRIS, *et al.*, <br>     Defendants | : <br> : <br> : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                 **September 4, 2018**

On the morning that trial was to begin in this case, the Court received a letter from Plaintiff Angel Muniz, expressly threatening violence against the Court and Defendants' witnesses. The Court immediately continued the trial. Defendants Harris, DiSalvatore, and Siciliano have moved for sanctions against Plaintiff in the form of dismissal of all claims with prejudice. For the reasons discussed below, the Motion will be granted.

## I.    BACKGROUND

Plaintiff, a prisoner, brought suit *pro se* in 2013 pursuant to § 1983 of the Civil Rights Act, alleging that during his stay in the Federal Detention Center in Philadelphia, Pennsylvania, numerous guards on multiple occasions violently attacked him without justification. Counsel volunteered to represent Plaintiff pro bono. After years of discovery and motions practice, his claims against the majority of the original defendants were dismissed, but he was permitted to proceed against the three Defendants on claims relating to one alleged excessive force incident. Trial on the remaining claims was scheduled to begin on the morning of Tuesday, October 17, 2017.

In the weeks preceding trial, the parties engaged in extensive pre-trial preparations, including exchange of pre-trial disclosures, motions in limine, and jury instructions. The Court held a final pre-trial conference addressing the parties' disputes and arranged for Plaintiff's appearance at trial from the state correctional institute where he was incarcerated. On the first day of trial, counsel and Defendants were present in the courtroom, and potential jurors were gathered in the assembly room, waiting to be called. Plaintiff was in transit from the prison. He did not arrive because the Court was notified that the mail screeners for the courthouse had received and isolated a letter from an inmate at SCI Albion, dated October 10, 2017, stating as follows (grammar and spelling in the original):

> Witnesses Nash, Boardman, Harris, Sisciliano, Disalvatore Marano, have been scheduled to testify against me in unfair court proceedings. Enclosed I have sent an airborne infectious disease which I have been infected with. I've converted the virus into powder form which is hazardous. I wish it has made contact with you. I wish I have infected you with this hazardous infectious Disease for Life as theres no cure, and I have also sent other packages, including a impoverized device. And wish I have harmed you. I intend to harm you due to your testimony. I have sent other packages and had help inside and outside. I have had put in place near your installation in camouflaged imperovized explosive device. Constructed from disassemble components. This is a call to end the injustice.
>
> I am a patriot and proud believer of our U.S. Constitution, American values, and fellow Americanism. I have felt oppressed and unproud and wish for an end to the injustice.
>
> Justice is the cust for
> Liberty and freedom.

The letter was smeared with an unidentified brown substance and enclosed in an envelope containing a white powder. The face of the envelope showed the following return address:

> Name     <u>ANGEL MUNIZ</u>
> Number  <u>DQ 2755</u>
> Unit/Side  <u>HB-11</u>
> 10746 Route 10
> Albion, PA 16475-0002.

Upon notice of the letter, the Court continued trial indefinitely in light of the security threat posed by the letter and the potential need for a criminal investigation. Plaintiff was immediately returned to the prison without reaching the courthouse. In March 2018, at the request of counsel for all parties, the Court held a status conference with counsel and with Plaintiff, who appeared via a live video feed from his new place of incarceration, SCI Forest. The Court granted Plaintiff's counsel leave to withdraw and permitted Defendants to take limited discovery in support of a motion for sanctions. Defense counsel then served written interrogatories and requests for admissions concerning the circumstances under which the October 10, 2017 letter was sent, enclosing warnings concerning Plaintiffs' Fifth Amendment right against self-incrimination and the consequences of invoking the privilege in a civil trial. Plaintiff elected to respond to each request by invoking his Fifth Amendment privilege. After receiving Plaintiff's responses, Defendants moved for sanctions, including dismissal. Plaintiff has not responded to the Motion.

**II.     LEGAL STANDARD**

A district court possesses inherent authority to impose sanctions upon those who abuse the judicial process.[1] In exercising its power, a district court must ensure that there is an "adequate factual predicate" for imposing the sanction and that the sanction is "tailored to address the harm identified."[2] In conducting this assessment, the court first should consider the conduct at issue and why the conduct warrants sanction, including whether the attorney or the client is at fault, the gravity of the wrongdoing, whether there is a pattern of wrongdoing rather than a single infraction, the extent of any prejudice suffered by the opposing party or hindrance

---

[1] *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991)).

[2] *Id.* at 74.

to the administration of justice, and any mitigating factors.[3]  Second, the court must consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate.[4]

**III.    DISCUSSION**

The record establishes that sanctions are not only warranted, but compelled.  Based on the totality of evidence in the record, there is an adequate factual predicate to support sanctions against Plaintiff.  First, there is strong evidence that Plaintiff wrote and sent the letter dated October 10, 2017.  Plaintiff's name and inmate number are written on the return envelope, and the envelope was stamped at the State Correction Institution in Albion ("SCI Albion"), where Plaintiff was housed.  The handwriting throughout the letter is consistent with Plaintiff's handwritten complaint in this case.  The letter is specifically directed to Defendants' anticipated trial witnesses as disclosed to Plaintiff in pre-trial disclosures, and expresses the intent to intimidate and retaliate against the witnesses because of their proposed testimony.  Moreover, Plaintiff has been convicted of sending threatening correspondence to a federal judge in the past,[5] and he admitted during his deposition in this case that his prior threats were motivated by a desire to be transferred out of state custody into federal custody.  The circumstances suggest that he may have been motivated by the same goal here.  There is no evidence that any other individual located at SCI Albion had the motive or background knowledge to write and send the October 10, 2017 letter, and Plaintiff has offered no additional arguments in his defense.

The conduct at issue is egregious, disruptive, and willful.  The correspondence sent by Plaintiff expressly threatened a biological and explosive attack against Defendants' witnesses.

---

[3] *Id.*

[4] *Id.*

[5] Judgment, *United States v. Muniz*, No. 11-cr-252 (E.D. Pa. Dec. 16, 2014), Doc. No. 96.

4

While the threat ultimately proved unsubstantiated, it nonetheless significantly disrupted proceedings in this case and others. Plaintiff, and Plaintiff alone, is responsible for cancellation of his long-scheduled trial. The Court, counsel on both sides, and Defendants' witnesses had thoroughly prepared for trial, and potential jurors had been summoned to the courthouse, some traveling significant distances.

In light of the nature of Defendant's conduct, the appropriate sanction is dismissal of all claims with prejudice. No other sanctions would appropriately address Plaintiff's conduct in this case. While "[t]hreatening letters are harassing, and demonstrate the litigant's use of the judicial system in bad faith," they also "prevent a speedy, open, and just resolution of the dispute on [the] merits."[6] Many courts addressing threats made by parties against prospective witnesses have granted case-dispositive relief against the offender as sanctions.[7] "When a party to a lawsuit . . . abuses the litigation process in a manner utterly inconsistent with the orderly administration of justice or so as to undermine the integrity of the judicial process, the court has the inherent power to dismiss the suit."[8] Here, regardless of whether Plaintiff sent the letter for the purpose of intimidating and harassing the witnesses, or as part of a plan to be transferred to federal custody, his conduct was part of a deliberate plan to manipulate the judicial system. In such cases, dismissal is particularly appropriate because the sanctions should serve "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[9] To allow Plaintiff to continue to

---

[6] *Fidelity Nat. Title Ins. Co. of New York,* 2002 WL 1433717, at *11-12 (N.D. Ill. July 2, 2002).

[7] *See, e.g.*, *Kalwasinski v. Ryan*, No. 96-CV-6475, 2007 U.S. Dist. LEXIS 68736, at *10 (W.D.N.Y. Sept. 12, 2007); *Nelson v. Eaves,* 140 F. Supp. 2d 319 (S.D.N.Y. 2001); *Fidelity Nat, Title Ins. Co. of New York,* 2002 WL 1433717, at *12-13.

[8] *Richardson v. Cabamrs County Bd. of Educ.*, 1998 U.S. App. LEXIS 12106, at *5-6 (4th Cir. N.C. June 9, 1998).

[9] *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976).

pursue his claims after his deliberate attempts to abuse the judicial system would be anathema to the fair administration of justice. Thus, dismissal is the only sanction appropriate here.

### IV. CONCLUSION

For these reasons, Defendants' Motion for Sanctions will be granted, and Plaintiff's remaining claims will be dismissed with prejudice. An order follows.